**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 05-cv-02130-REB

EILEEN GARCIA GOMEZ,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.

---

## ORDER AFFIRMING COMMISSIONER

---

**Blackburn, J.**

      The matter before me is plaintiff's Complaint [#3], filed October 25, 2005,

seeking review of the Commissioner's decision denying plaintiff's claim for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I

have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

The matter has been fully briefed, obviating the need for oral argument.  I affirm.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that she is disabled as a result of a variety of ailments, including

anxiety disorder, bipolar disorder, somatoform disorder, major depressive disorder,

mood disorder, osteopenia, and chest pain.  After her application for disability insurance

---

[1]  Although the parties indicated that they would consent to the jurisdiction of a United States Magistrate Judge (*see* Joint Case Management Plan for Social Security Cases at 3, ¶ 10(A) [#9], filed January 19, 2006), they did not complete the appropriate documentation to make that consent effective. Given the parties' failure to formalize their consent, and the fact that I am able to reach the merits of their dispute expeditiously, I decline to exercise my discretion to reassign the case to a magistrate judge. ***See*** **D.C.COLO.LCivR.** 72.2D.

benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on September 10, 2004.  At the time of the hearing, plaintiff was 48 years old.  She has a college education and past relevant work experience as a drug and alcohol counselor, substitute teacher, and residence supervisor.  She has not engaged in substantial gainful activity since November 1, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from the severe impairments of osteoporosis, bipolar disorder, and anxiety disorder, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform unskilled medium work in a routine work setting involving no more than simple instructions and decision making and no interaction with the general public.  Although she was unable to return to her past relevant work, which was skilled, the ALJ found that there were jobs existing in significant numbers in the national economy that she could perform given her residual functional capacity.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.   To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.   ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1.   The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.   The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3.   The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4.   If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5.   If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy.  ***Id.***  A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive

and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933

F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining

whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human***

***Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194,

1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would

accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires

more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v.***

***Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is

overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of

substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).

Although a reviewing court should meticulously examine the record, it may not reweigh

the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

The scattershot way in which plaintiff has briefed her numerous grounds of error

has left some of them so underdeveloped as to defy meaningful review.  From what I

can discern of the arguments she has adequately presented, it appears she asserts

three general categories of alleged error: (1) the ALJ's weighing of and reliance, or

failure to rely, on treating physician opinions; (2) the ALJ's assessment of plaintiff's

mental residual functional capacity; and (3) the ALJ's conclusions regarding plaintiff's

credibility.  None of her arguments merits reversal of the Commissioner's decision.

Plaintiff first claims that the ALJ improperly rejected her treating sources'

opinions on the ground that they merely reiterated her own subjective complaints.  The

opinion of a treating source is generally entitled to controlling weight so long as it is

"well-supported by medically acceptable clinical and laboratory diagnostic techniques

and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. §

416.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

A treating source opinion cannot be rejected absent good cause for specific and

legitimate reasons clearly articulated in the hearing decision.  *Watkins*, 350 F.3d at

1301; *Goatcher v. United States Department of Health & Human Services*, 52 F.3d

288, 290 (10th Cir. 1995).  Good cause may be found where the treating source's

opinion is brief, conclusory, or unsupported by the medical evidence.  *Frey v. Bowen*,

816 F.2d 508, 513 (10th Cir. 1987).  Yet even when a treating source opinion is not

given controlling weight, it is still entitled to deference "and must be weighed using all of

the factors provided in 20 C.F.R. 404.1527 and 416.972."  **Social Security Ruling** 96-

2p, 1996 WL 374188 at *4 (SSA July 2, 1996).  ***See also Langley v. Barnhart***, 373 F.3d 1116, 1119 (10th Cir. 2004).[2]

Plaintiff claims that Drs. Aguilar, Kobayashi, and Bauer are treating sources. However, plaintiff only saw Dr. Kobayachi once and Dr. Bauer twice.  These physicians therefore are not treating sources within the meaning of the regulations.  ***See*** 20 C.F.R. § 404.1502 (treating source is one with whom claimant has "ongoing treatment relationship," i.e., that claimant sees source "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition(s)").  Indeed, the ALJ noted as much with respect to Dr. Bauer and weighted her opinions accordingly.  (Tr. at 18.)  This thus was not a case, as plaintiff argues, of the ALJ "cherry picking" Dr. Bauer's assessment, but rather one in which he simply gave her opinion less weight based on the brevity of her treating relationship with plaintiff.  Indeed, it is not clear that plaintiff was even prejudiced by the refusal to treat Dr. Bauer as a treating source, since her assessment of plaintiff's mental faculties was consistent with the limitations the ALJ found to be supported by the record.  (***See*** Tr. at 18.)[3]  In any event, there was no error in this regard.

---

[2]  These factors include:

1.    the physician's length of treatment of the claimant;
2.    the physician's frequency of examination;
3.    the nature and extent of the treatment relationship;
4.    the support of the physician's opinion afforded by the medical evidence of record;
5.    the consistency of the opinion with the record as a whole; and
6.    the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2)-(6).

[3]  More particularly, and contrary to plaintiff's argument, nothing in Dr. Bauer's evaluation notes can fairly be read to suggest that plaintiff meets the criteria of any listed impairment.  (***See*** Tr. at 248.)

Although Dr. Aguilar, plaintiff's primary care physician, is properly considered a treating source, the ALJ did not err in rejecting her opinion.  In support of plaintiff's disability claim, Dr. Aguilar merely stated that plaintiff "feels completely disabled by her mental illness such that she is non functional at home."  (Tr. at 171.)  Even if this statement could be read to suggest that Dr. Aguilar agreed with plaintiff's self-assessment, that opinion would be entitled to no weight whatsoever.  *See* 20 C.F.R. § 404.1527(e).[4]  However, the record is clear that Dr. Aguilar did *not* believe that plaintiff was disabled.  (Tr. at 212.)[5]  Although a medical opinion may not be rejected simply because it depends in part on the physician's assessment of the patient's subjective complaints, *see Nieto v. Heckler*, 750 F.2d 59, 60-61 (10th Cir. 1984), neither can a finding of impairment be based merely on the claimant's say so, *Bernal v. Bowen*, 851 F.2d 297, 300 (10th Cir. 1988).  As Dr. Aguilar's opinion is nothing more than a bare reiteration of plaintiff's own assessment of her abilities, it was properly rejected.

Plaintiff next challenges the ALJ's determination of her mental residual functional capacity on several fronts.  Plaintiff first complains of the ALJ's failure to discuss or assess all of her alleged mental conditions, particularly mood disorder, depressive disorder, and somatoform disorder.  The evidence of these disorders, however, consists of little more than bare diagnoses, which are not sufficient to establish the existence of a disabling impairment.  *Id.* at 301; *see also Birnell v. Apfel*, 45 F.Supp.2d 826, 833 (D.

---

[4]  Moreover, Dr. Aguilar is not a psychiatrist or a psychologist, and thus any assessment she might make of plaintiff's mental abilities would be entitled to less weight in any event.  *See* 20 C.F.R. § 404.1527(d)(2)(ii) & (d)(5); *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998).

[5]  Nor did Dr. Kobayashi.  (*See* Tr. at 173.)

Kan. 1999) (ALJ did not err in failing to order consultative examination when diagnosis of depression not based on objective evidence). It thus was not error for the ALJ not to consider these conditions. Plaintiff's argument that the ALJ's mental residual functional capacity determination is suspect because it failed to adequately account for the opinions of Drs. Aguilar, Kobayashi, and Bauer fails to the same reason as her earlier arguments regarding assessment of treating source opinions. More specifically, the ALJ's conclusion that plaintiff required work involving only simple instructions and decision making, a routine work setting, and limited interaction with the general public adequately accounted for the effect of stress on her ability to work. I therefore find that the ALJ did not err in his determination of plaintiff's mental residual functional capacity.

Finally, I find that the ALJ's assessment of plaintiff's credibility is fully supported by the record. "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ more than adequately met that standard here. (*See* Tr. at 16-19.)[6]

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

---

[6] In particular, plaintiff's argument that the ALJ failed to follow the requirements of *Luna v. Bowen*, 834 F.2d 161 (10th Cir.1987), is specifically belied by the record. (*See* Tr. at 16-17.)

Dated July 27, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**